UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE

In Re:  Laparrish Shaborn Morris                             Chapter 13
                                                             Case No. ___
Debtor.

## Chapter 13 Plan

Address:   Debtor   2013 St. Elmo Avenue, Memphis, TN 38127

Plan Payment:

Debtor Shall Pay:    $97.00  Weekly                    By:   ( ) Direct Pay _____
   Or by:  ( x ) Payroll Deduction   Staff Management, 3820 Micro Drive, Millington, TN 38053

1. This Plan [Rule 3015.1 Notice]:

   (A) Contains a Non-standard Provision [See provision 19].                             (X) Yes   ( ) No

   (B) Limits the Amount of a Secured Claim Based on a Valuation of the Collateral for the Claim  ( ) Yes  (X) No
       [See provisions 7 and 8].

   (C) Avoids a Security Interest or Lien. [See provision 12].                          ( ) Yes   (x) No

2. Administrative Expenses: Pay Filing Fee and Debtor Attorney's Fee Pursuant to Confirmation Order.
3. Auto Insurance:    ( ) Included in Plan     Or (x) Not Included in Plan if proof provided by Debtor
4. Domestic Support Paid By: ( ) Debtor Directly ( ) Wage Assignment   ( ) Trustee To:          Monthly Pmt.
                      ongoing payment begins    _____     _____
                                                Approximate arrearage       _____     _____
   _____     ongoing payment begins    _____     _____
                                                Approximate arrearage       _____     _____

5. Priority Claims:                                                                     Monthly Pmt.
                                                Amount                      _____     _____
   _____     Amount                       _____     _____

6. Home Mortgage Claims:    ( ) Paid Directly by Debtor or ( ) Paid by Trustee To:      Monthly Pmt.
                      ongoing payment begins    _____     _____
                      Approximate arrearage     _____    Interest      _____     _____
                      ongoing payment begins    _____     _____
                      Approximate arrearage     _____    Interest      _____     _____

7. Secured Claims [Retain Lien 11 U.S.C. §1325 (a)(5)]:    Collateral Value    Interest Rate    Monthly Pmnt.
   _____     _____    _____    _____
   _____     _____    _____    _____

8. Secured Automobile Claims for Debt Incurred Within 910 Days of Filing, and Other Secured Claims for Debt Incurred Within One Year of Filing [Retain Lien 11 U.S.C. §1325 (a)(5)]:

|  | Collateral Value | Interest Rate | Monthly Pmnt. |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

9. Secured Claims for Which Collateral Will Be Surrendered; Stay Is Terminated Upon Confirmation for the Limited Purpose of Gaining Possession and Commercially Reasonable Disposal of Collateral:

|  | Collateral |  |
|---|---|---|
|  | Collateral |  |

10. Special Class Unsecured Claims:

|  | Collateral Value | Interest Rate | Monthly Pmnt. |
|---|---|---|---|
| Samuel E. Alexander (Rent) | $4,375.00 | 0.00% | $73.00 |
| GM Financial (Protect Co-Debtor) | $9,273.00 | 0.00% | $155.00 |
|  |  |  |  |

11. Student Loan Claims and Other Long Term Claims:

    _____    ( ) Not Provided For    ( ) General Unsecured Creditor
    _____    ( ) Not Provided For    ( ) General Unsecured Creditor

12. The Judicial Liens or Non-possessory, Non-purchase Money Security Interests Held by the Following Creditors Are Avoided to the Extent Allowable Pursuant to 11 U.S.C. §522(f):

    _____

13. Absent a Specific Court Order Otherwise, All Timely Filed Claims, Other than Those Specifically Provided for Above, Shall Be Paid as General Unsecured Claims.

14. Estimated Total General Unsecured Claims: _____.

15. The Percentage to Be Paid to Non-priority, General Unsecured Claims Is:    ( ) _____ ;
    Or  (X) Trustee Shall Determine the Percentage to Be Paid after Passage of Final Bar Date.

16. This Plan Assumes or Rejects Executory Contracts:

    Samuel E. Alexander                                 (x) Assume    ( ) Reject
    _____                              ( ) Assume    ( ) Reject

17. Completion:    Plan shall be completed upon payment of the above, approximately  60  months.

18. Failure to Timely File a Written Objection to Confirmation Shall Be Deemed Acceptance of Plan.

19. Non-standard Provisions:

    For the purposes of provision 8, all collateral will be assumed to have exceeded the time limits set forth in the hanging paragraph following § 1325(a)(9), unless the debtor is in possession of the original contract.

    Any Non-standard Provision Stated Elsewhere Is Void.

20. Certification: This Plan Contains No Non-standard Provisions Except Those Stated in Provision 19.

    /s/ Marcelle Z. Nia              Date   August 14, 2019
    Debtor's Attorney's Signature

                                                                                    August 14, 2019
                                                                                    910 > February 15, 2017